IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WASHINGTON,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>T. FELKER,<br><br>　　　　Respondent. | C 06-7760 MJJ (PR)<br><br>**ORDER SCHEDULING<br>SUPPLEMENTAL BRIEFING**<br><br>(Docket Nos. 9 & 13) |

  Petitioner, a California prisoner, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254.  After reviewing the petition, the Court ordered respondent to file an answer showing cause why the petition should not be granted based on petitioner's cognizable claims, or alternatively to file a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4").  Respondent chose the latter course, and has filed a motion to dismiss the petition as untimely.  Petitioner has filed an opposition, and respondent has filed a reply.

  Respondent concedes in his reply that petitioner has demonstrated in his opposition that the petition is in fact timely.  Consequently, the Court need not address that issue.  In his reply brief, however, respondent also raises a new argument for dismissal, namely that petitioner has not exhausted the claim of ineffective assistance of trial counsel.  See Rose v. Lundy, 455 U.S. 509, 522 (1982) (a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted).  Specifically respondent argues that while petitioner made a general claim of ineffective assistance of trial counsel in his habeas petition to the California Supreme Court that he

G:\PRO-SE\MJJ\HC.06\washingtona.sup.wpd

1  received, petitioner did not raise the specific instances of alleged ineffectiveness that he
2  raises in his federal petition. In order to properly exhaust, the specific factual basis of the
3  federal claim also must be presented to the highest state court. See Kelly, 315 F.3d at 1067-
4  69 (finding unexhausted ineffective assistance of counsel and prosecutorial misconduct
5  claims where specific instances of ineffectiveness and misconduct asserted in federal petition
6  were neither in the California Supreme Court petition nor discussed by the court of appeal).
7  Petitioner has not had an opportunity to respond to this argument as respondent raised it for
8  the first time in his reply brief. Accordingly, the Court will allow for supplementary briefing
9  on the exhaustion issue before ruling on respondent's motion.

Petitioner shall file with the Court and serve on respondent a supplemental opposition to respondent's motion to dismiss, or a statement of non-opposition, within **30 days** of the date this order is filed.

Respondent shall file with the Court and serve on petitioner a supplemental reply within **15 days** of the date any supplemental opposition is filed.

This order terminates docket numbers 9 & 13.

IT IS SO ORDERED.

DATED: 10/13/2007

MARTIN J. JENKINS
United States District Judge